IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANWALT ENERGY HOLDINGS, LLC,

    Plaintiff,

v.                              CASE NO. 2:06-CV-0955

                                JUDGE EDMUND A. SARGUS, JR.

                                MAGISTRATE JUDGE KING

THE FALOR COMPANIES, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on non-party Geoffrey L. Hockman's ("Hockman") motion for reconsideration (Doc. #17) of Magistrate Judge King's December 7, 2007 Order (Doc. #15), granting Plaintiff's motion to compel (Doc. #14). The Court's Order directs Hockman to comply with a subpoena, personally served on him by Plaintiff on September 26, 2007 (Doc. #13). For the reasons stated herein, the Court **DENIES** the motion for reconsideration of the Magistrate Judge's Order.

### I.

Hockman's motion will be considered as an objection to the Magistrate's Order under Fed. R. Civ. P. 72(a). Because the decision on the motion to compel is not dispositive, "[t]he district judge . . . shall consider such objections [to the order] and shall modify or set aside

1

any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903 (S.D. Ohio Mar. 22, 2007). The clearly erroneous standard "'mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Balalovski v. Lucent Technologies, Inc.*, 2003 U.S. Dist. LEXIS 7296 (S.D. Ohio April 10, 2003), quoting *Farley v. Farley*, 952 F.Supp. 1232, 1235 (M.D.Tenn.1997) (internal citations omitted). This Court does not find error or a mistake of law in the Magistrate Judge's Order.

## II.

Hockman's motion, filed December 17, 2007, raises new objections to a subpoena personally served upon him on September 26, 2007. Initial objections to the subpoena were timely raised in a letter dated October 10, 2007, sent to counsel for Plaintiff by an attorney acting on behalf of Hockman, Marjorie Kolin (Doc. #18-3).[1] Plaintiff filed a motion to compel Hockman's response to the subpoena on November 5, 2007. Hockman did not respond to the motion to compel, which was properly served on his counsel; nevertheless, the Court considered the merits of Hockman's objections in its Order of December 7, 2007. (Order at 2).

---

[1] Although Hockman now disavows that Kolin represented him, he does not explain how Kolin had a copy of the subpoena or why she wrote a letter containing timely "objections to the Subpoena, pursuant to Fed. R. Civ. P. 45(2)(B)(C) *(sic)*" if she was not acting on Hockman's behalf. It is clear from the record that Kolin held herself out as having the authority to represent Hockman in responding to the subpoena. Hockman did not complain about her representation until after the Court granted Plaintiff's motion to compel, two months after Kolin prepared and submitted objections to the subpoena on Hockman's behalf. Hockman also contends that Kolin was not licensed to practice law in Ohio. Because Kolin was acting on behalf of a non-party and was not required to enter an appearance before the Court, her ability to practice law in the state of Ohio is irrelevant.

Hockman's motion raises two new objections: improper service of process and lack of personal jurisdiction.[2] Generally, the failure to serve written objections to a subpoena within the time specified by Rule 45 constitutes a waiver of such objections. *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999), citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *Angell v. Shawmut Bank Connecticut Nat'l Assoc.*, 153 F.R.D. 585, 590 (M.D.N.C. 1994). In "unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." *Concord Boat*, 169 F.R.D. at 48 (citations omitted). Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena. *Id.* (citations omitted).

None of these factors is present to excuse Hockman from raising timely objections to service or personal jurisdiction, or from moving to quash the subpoena. Neither Kolin's objection letter or Hockman's motion claim that compliance with the subpoena would impose any burden on Hockman. The Magistrate Judge has already considered the scope of the

---

[2] Objections to irregular service of process and personal jurisdiction are waived, if not properly and timely asserted. *See E. & J. Gallo Winery v. EnCana Energy Servs.*, 2005 U.S. Dist. LEXIS 40141 (E.D. Cal. Aug. 15, 2005) (objection to service of process waived by actual timely notice of the deposition and failure to make timely objection) citing *Hollingsworth v. Barbour*, 29 U.S. 466, 476-477 (1830) (irregular service of process waived where there is actual notice and no objection); *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1208 (9th Cir. 1996) (insufficiency of process waived in absence of objection). *See also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-04 (1982) (Unlike subject-matter jurisdiction, which the court must consider sua sponte, "because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.")

subpoena and ruled that it is not overbroad or unfair. (Order at 2). Without concluding that Hockman has acted in bad faith, this Court finds that Hockman has not shown that he is proceeding in good faith.

Hockman's status as a non-party does not relieve him of his obligations to comply with the applicable rules, or with the Court's Order. *See* Fed. R. Civ. P. 69(a)(2). The Magistrate Judge's Order requires Hockman to "produce any requested documents that are within his possession, custody or control." (Order at 3). If, as he claims, Hockman has no responsive documents, compliance imposes no burden whatsoever. To the extent he does have possession, custody or control of responsive documents, Hockman has waived the right to assert objections to the subpoena in addition to those timely raised, considered and rejected by the Magistrate Judge. The Order of the Magistrate Judge was not clearly erroneous or contrary to law.

### III.

For the foregoing reasons, Hockman's motion for reconsideration (Doc. #17) is **DENIED**. Geoffrey L. Hockman is **ORDERED** to comply with the Court's December 7, 2007 Order within fifteen (15) days of the date of this Order. His failure to do so may result in the imposition of sanctions, including a finding of contempt.

**IT IS SO ORDERED.**

6-1-2008
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4